Sánchez Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El peticionario Wilfredo Delgado Alamo nos solicita que revisemos una resolución en la que se le aumenta una pensión alimentaria y se le ordena pagar $994.66 a sus dos hijos menores, por tres razones: (1) porque la misma es nula por haberse dictado por una juez municipal que carecía de facultad para dictarla; (2) porque al fijar la pensión se tomaron en consideración gastos que no podían ser considerados en dicha determinación; y (3) porque la pensión alimentaria excede el límite de retención del cincuenta por ciento (50%) que establece el Consumer Credit Protection Act, 15 U.S.C. sec. 1671 et. seq., y el Art. 24, inciso 6, de la Ley Orgánica de la Administración para el Sustento de Menores, Ley Núm. 5 de 30 de diciembre de 1986, 8 L.P.R.A. see. 523(6) (Supl. 1998). Por las razones que se exponen a continuación, expedimos el auto de certiorari y modificamos la resolución recurrida.
En el caso de autos, la señora Jeannette Santiago Vargas, solicitó un aumento en la pensión alimentaria de $100.32 semanales que recibía del peticionario Wilfredo Delgado Alamo, para sus dos hijos menores. La pensión solicitada era por una cantidad no menor de ochocientos dólares ($800) mensuales. Se refirió la solicitud a la examinadora de pensiones alimentarias. Se fijó una pensión provisional de $968.13 mensuales. Las partes sometieron sus Planillas de Información Personal y Económica. Luego de una vista en la que desfiló prueba documental y testifical, el tribunal recurrido emitió una resolución en la que le impuso al peticionario el pago de una pensión alimentaria ascendente a $994.66 mensuales. Además, en su resolución, el tribunal a quo emitió una orden de retención al patrono, pero la dejó pendiente de notificar hasta que el peticionario incumpliera con el pago de la pensión alimentaria. El peticionario recurre en certiorari ante nos y solicita la revisión de la pensión alimentaria fijada, basándose en los señalamientos de error indicados.
El primer apuntamiento de error señalado por el peticionario consiste en que la pensión alimentaria fijada es nula, como cuestión de derecho, puesto que fue establecida por una juez municipal, que carecía de facultad para intervenir en ese tipo de procedimiento. La contención del apelante es que tanto la pensión alimentaria provisional fijada por la Hon. Noemí Oliveras Santiago, como la pensión final fijada por la Hon. Joann Vega Vélez, ambas juezas municipales, fueron establecidas por ellas actuando como examinadoras de pensiones alimentarias, y no fueron avaladas por algún juez del Tribunal Superior, quienes son los que por ley tienen la competencia para fijar pensiones alimentarias. A esos efectos, el peticionario señala que si bien el Art. 5.004(b) de la Ley de la Judicatura de 1994, enumera instancias de asuntos de la competencia del Juez Superior en los que podrán intervenir los jueces municipales, no surge que se le haya facultado a dichos jueces a intervenir en asuntos relacionados con pensiones alimentarias. Por tal razón, señala que para que sea efectiva una pensión alimentaria es necesario que el Juez Superior dicte una resolución en la que fije dicha pensión, ya que la función judicial en tales casos fue delegada a tal magistrado y no al Juez Municipal.
No tiene razón el peticionario. La Hon. Joann Vega Vélez estaba facultada para emitir la resolución en el caso de autos, en virtud de la Orden Administrativa emitida por el Juez Presidente del Tribunal Supremo de Puerto Rico, Hon. José A. Andréu García, de 4 de marzo de 1998, mediante la cual se le autorizó a intervenir en procedimientos relacionados con la Ley Orgánica para la Administración para el Sustento de Menores. Tomamos conocimiento judicial de la misma. Por tal razón, resolvemos que el primer error no se cometió.
El segundo señalamiento de error que hace el peticionario consiste en que al computar la pensión suplementaria, el tribunal consideró ciertos gastos informados por la parte recurrida en su Planilla de *867 Información Personal y Económica que debieron haber sido excluidos. El peticionario señala que los gastos considerados por el tribunal fueron por concepto de matrícula, libros y materiales escolares, uniformes, transportación, mensualidades escolares, pago de hipoteca y gastos extraordinarios de servicios médicos. El total de dichos gastos ascendió a $834.20, que es la suma de $151 mensuales por concepto de vivienda, $601.26 mensuales por concepto de gastos de educación, y $81.94 por concepto de gastos médicos extraordinarios. El tribunal le asignó al peticionario el pago del sesentaiún por ciento (61%) de los mismos, equivalente a $508.86. Sin embargo, el peticionario señala que el tribunal recurrido debió haber excluido los gastos correspondientes a libros, materiales escolares, uniformes y transportación, ya que los mismos se entiende que forman parte de la pensión básica.
El peticionario tiene razón en su señalamiento de que el tribunal recurrido incluyó en el cómputo de la pensión suplementaria partidas de gastos en el renglón de educación que no estaban permitidas. Dichas partidas corresponden a los gastos de libros y materiales, uniformes y transportación. Véase, Reglamento Núm. 4070 que adoptó las Guías para Determinar y Modificar Pensiones Alimenticias en Puerto Rico, de 8 de diciembre de 1989. Por tal razón, calculamos nuevamente la partida de gastos suplementarios. El gasto de matrícula de $775 dividido entre doce es $64.58. El gasto de mensualidad de colegio de $341.66 se multiplica por diez meses del año escolar y se divide entre doce meses, para prorratearlo a un año, lo que resulta en $284.72. La suma de ambas partidas corresponde a $349.30, por concepto de educación. A esta suma de $349.30, le añadimos las partidas de gastos mensuales de $151.00 por concepto de vivienda y de $81.94 por concepto de gastos médicos, para un total de gastos suplementarios de $582.24. En vista de que el tribunal a quo fijó en un sesentiún por ciento (61%) de dichos gastos la aportación que haría el peticionario, la pensión suplementaria que a éste le corresponde pagar asciende a $355.17. Al añadírsele a la pensión suplementaria de $355.17 la pensión alimentaria básica para cada uno de sus hijos, ascendentes a $187.15 y $237.65, el peticionario tiene la responsabilidad de pagar una pensión alimentaria de $779.97 mensuales. Basándonos en lo anterior, resolvemos que el segundo error se cometió.
El tercer apuntamiento de error esbozado por el peticionario consiste en que la orden de retención de ingresos dictada excede el límite establecido en la Sec. 1673(b)(2) del Consumer Credit Protection Act, supra, así como lo dispuesto en el Art. 24 de la Ley Orgánica de la Administración para el Sustento de Menores, supra. 
Este Tribunal calculó la pensión alimentaria que le corresponde pagar al peticionario en $779.97. El tribunal recurrido determinó que el ingreso bruto mensual del peticionario es $2,074.80 y el ingreso neto es $1,812.13 mensuales, luego de las deducciones de seguro social, de contribución sobre ingresos y del plan médico que beneficia a los menores. La pensión alimentaria que fijamos de $779.97 no excede el cincuenta por ciento permitido por ley para la retención de ingresos del peticionario. Por tal razón, es innecesario entrar a considerar este señalamiento de error.
Con estos antecedentes, se expide el auto, y se modifica la resolución recurrida para fijar en $779.97 la pensión alimentaria y así modificada se confirma. El Tribunal de Primera Instancia deberá expedir nueva orden de retención a base de la nueva pensión.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General